# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY JOHNSON,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C19-4038-LTS<br>(Crim. No. CR11-4075-LTS)<br><br>**INITIAL REVIEW ORDER** |

_____

This matter is before me on a 28 U.S.C. § 2255 motion (Doc. No. 1) filed pro se by Michael Johnson. On June 22, 2011, the Grand Jury returned an indictment charging him with one count of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crim. Doc. No. 2. On July 11, 2011, he pleaded guilty. Crim. Doc. No. 18. On December 15, 2011, he was sentenced to a 120-month term of imprisonment to be followed by three years of supervised release. Crim. Doc. No. 30. He did not appeal.

Johnson filed this § 2255 motion on July 24, 2019. He argues that he is entitled to relief because his guilty plea was not knowingly or intelligently made based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

## I.  § 2255 INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably

incredible, or patently frivolous or false. *See Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g.*, *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgement is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only a very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> the Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences.

> *See Johnson v. United States*, 544 U.S. 295, 299, 125 S. Ct. 1571, 161 L.Ed.2d 542 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244 (b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second successive habeas motion. *Id*.

## II. ANALYSIS

Because Johnson did not appeal, his judgment became final on or about January 2, 2012. His § 2255 motion, filed on July 24, 2019, does not fall within the typical one-year limitations period from the date when judgment becomes final.[1] However, although Johnson does not say so, his invocation of the Supreme Court's June 21, 2019, decision in *Rehaif* implies that he believes his motion is timely under the limitations period established by § 2255(f)(3). *See Earl v. Fabian*, 556 F.3d 717, 723 (8th Cir. 2009) ("Pro se filings are to be construed liberally . . . ."). Thus, I assume he intends to argue that *Rehaif* recognized a new right that is retroactively applicable on collateral review and

---

[1] There is no indication that Johnson filed a prior § 2255 motion.

that entitles him to relief under § 2255. If this is true, his current motion would be timely.

I recently addressed whether claims under *Rehaif* qualify for the delayed limitations period of § 2255(f)(3) in *Jackson v. United States*, C18-2054-LTS, Doc. No. 13 (N.D. Iowa June 4, 2020) (unpublished). In *Jackson* I found that the Supreme Court did not recognize a new constitutional right in *Rehaif* but instead merely clarified what elements the Government must prove to find a defendant guilty of violating 18 U.S.C. § 922(g). *Id.* at 9. I also found that the Supreme Court has not made its holding in *Rehaif* retroactively applicable on collateral review. *Id.* Therefore, I concluded, § 2255(f)(3) does not apply to claims under *Rehaif*. *Id.* at 9–10.

My conclusions in *Jackson* suggest that Johnson's § 2255 motion is time barred. However, the Eighth Circuit has not yet addressed whether *Rehaif* claims can activate the delayed limitations period of § 2255(f)(3), so there is no controlling law on the issue. Additionally, although this case is similar to *Jackson*, there are factual distinctions that warrant an individual analysis. Because I find that Johnson's claims are not otherwise patently frivolous on the merits, I will direct the Government to respond to the issue of whether Johnson's motion is timely. The parties shall respond in the following manner:

1. The Government is directed to file a brief in response to the § 2255 motion on or before July 24, 2020. The Government shall attach any relevant materials to its brief.

2. If he so chooses, Johnson may file a brief in reply to the Government's response and/or additional materials related to § 2255 motion on or before August 24, 2020.

### III. APPOINTMENT OF COUNSEL

There is neither a constitutional nor a statutory right to counsel in § 2255 proceedings; rather, the appointment of counsel is at the discretion of the court. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Green v. United States*, 262 F.3d

4

Case 5:19-cv-04038-LTS-KEM   Document 2   Filed 06/15/20   Page 4 of 5

715, 718 (8th Cir. 2001) ("[T]he Constitution does not guarantee [movant] a right to counsel in this collateral proceeding"). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *see also* 28 U.S.C. § 2255(g). The general rule is that the court may appoint counsel in a § 2255 case if the interests of justice so require. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2255(g). The one exception to the general rule is that if the court grants an evidentiary hearing, appointment of counsel is compulsory. Rule 8(c) of the Rules Governing § 2255 Proceedings; *see also Green*, 262 F.3d at 717–19.

Based on the straightforward nature of Johnson's claims, the lack of a complex trial record in this case and the court's experience with the timeliness issue discussed above, appointment of counsel is not warranted at this time.

## IV. CONCLUSION

For the reasons set forth herein:

1. The Government shall file its response on or before **July 24, 2020**.
2. Johnson may file a reply to the Government's response on or before **August 24, 2020**.

**IT IS SO ORDERED.**

**DATED** this 15th day of June, 2020.

_____
Leonard T. Strand, Chief Judge

5